IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01855-DDD-NRN

THE i4 GROUP CONSULTING, LLC

Plaintiffs,

v.

SCALED AGILE, INC.

Defendant.

---

**ORDER ON
DEFENDANT'S MOTION TO STAY DISCOVERY (Dkt. #24)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter comes before the Court on Defendant Scaled Agile, Inc.'s Motion to Stay Discovery (Dkt. #24) pending determination of Scaled Agile's Motion to Dismiss (Dkt. #20). The motion to dismiss is based on Scaled Agile's argument that this business dispute between two contracting business entities is governed by a mandatory arbitration provision. Plaintiff i4 Group Consulting does not dispute the existence of the arbitration provision, but says it should be deemed unenforceable because it requires prepayment of a $16,000 fee and likely fees in excess of $64,000 for the arbitrator's hourly rate[1] which i4 Group says it does not have, in part, due to Scaled Agile's

---

[1] I note an egregious math error in the declarations of Mr. Maddox and Stacey Campbell that arrive at the figure of $64,982.25 as an estimated fee of the arbitrator. This figure purports to be based on an hourly average rate of $866.43 hourly rate for commercial arbitrators based in Denver. *See* Dkt. #27-1, Maddox Dec. at ¶ 15; Dkt. #27-2, Campbell Dec. at ¶ 8. This $866.43 hourly rate number struck the Court as excessive in

allegedly illegal racially discriminatory conduct. *See* Dkt. #27 (Plaintiff's Opposition to Motion to Dismiss). The motion to dismiss based on the arbitration provision has not been referred to me by Judge Domenico. But Scale Agile's Motion to Stay Discovery has been referred to me. *See* Dkt. #26. Having heard the arguments of the Parties, read their briefs, and the authorities cited, I will **GRANT** Defendant's Motion to Stay Discovery.

A stay of discovery is generally disfavored in this district. *See Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2.2007) (citation omitted). However, a stay may be appropriate in certain circumstances. The Court weighs several factors when evaluating the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the

---

the extreme, as few, if any, of even Denver's finest and most experienced civil litigators charge anywhere close to that amount. Sure enough, a review of the exhibit that was the basis of the figure reveals the error. *See* Dkt #27-1 at pp. 71–74. The supposed search for experienced <u>arbitrators</u> was instead a search for <u>mediators</u>. The search disclosed eight names. One person's hourly rate is not listed. Of the other seven, only six show hourly rates and those rates vary between $390 and $750 per hour. The final mediator listed is Barry Rumack, M.D., who does not have an <u>hourly rate</u> listed, but instead lists a <u>daily rate</u> of $2,950, which, assuming an eight-hour workday, comes out to $368.75 per hour. Whoever calculated the average hourly rate for Mr. Maddox's declaration used Dr. Rumack's <u>daily</u> rate of nearly $3000, instead of an equivalent hourly rate. Using the correct figure, the average hourly rate for an experienced AAA mediator in Denver is $517 per hour—nearly 40 percent less than the $866 per hour figure cited in the Maddox declaration. If one excludes the two most highly compensated mediators (at $695 and $750 per hour), the average of the remaining five mediators drops to a more reasonable $435 per hour. This math error would normally not be so significant, except that the alleged $60,000 in arbitrator fees plays such a major role in i4 Group's claim that it cannot afford to go forward with arbitration. It brings to mind the old saying, "Like the 13th stroke of a clock at midnight, it calls into question not only itself, but everything that has come before."

Court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.* Here, these factors weigh in favor of the entry of a stay.

Plaintiff objects to any stay of discovery pending the determination of the motion to dismiss. Plaintiff argues that even if it ultimately were compelled to go to arbitration, some discovery would likely be permitted in that venue and any discovery obtained in this federal court proceeding could be used in the arbitration in any event. Plaintiff argues that the Court could control the scope and cost of any discovery so that they would not exceed what might reasonably be expected in the context of arbitration.

There is some merit to this position. Whether in federal court or in the arbitration forum, this case will proceed. The sooner the case moves along through the exchange of relevant documents and other permitted discovery, the closer it is to ultimate resolution and the better for everyone. Justice delayed is justice denied; or so the argument goes.

Defendant Scaled Agile, for its part, argues that that Plaintiff i4 Group has engaged in gamesmanship. Plaintiff recognizes that it signed a binding arbitration agreement. Per the Defendant, the suggestion that the $16,000 commercial arbitration fee would break the i4 Group bank is not to be believed. Scaled Agile argues that it should not be forced to incur the burden and expense of federal district court discovery, which would be broader and more costly that the discovery than would typically be permitted in arbitration. Scaled Agile also argues that the suggestion that Plaintiff has a strong interest in proceeding expeditiously with the litigation is belied by the reality that i4 Group waited many months after initially sending a draft demand for arbitration before filing its federal court lawsuit.

I agree that, generally, a plaintiff does have an interest in their case proceeding expeditiously. However, this general interest is not sufficient to overcome other factors that weigh in favor of a stay in this particular case. This is especially so given Plaintiff's delay in bringing this lawsuit. It is represented, and i4 Group does not dispute, that i4 Group waited nearly one year after sending Scaled Agile a draft Demand for Arbitration before recaptioning and filing the Demand as a complaint in this federal court. i4 Group attributes the delay to the fact that the arbitration fee was $16,000 and it could not raise the necessary funds, and that was the reason why this lawsuit was filed in federal court. I am not convinced. If i4 Group's interest in proceeding expeditiously were as great as it now claims, it would have filed its federal lawsuit much sooner. In addition, if minimizing costs is an objective, proceeding with potentially costly document and deposition discovery under the federal rules is not in anyone's interests, especially the allegedly impecunious Plaintiff.

Moreover, should arbitration ultimately be ordered by the Court, any discovery in the arbitration context is likely to be severely limited. As the Supreme Court has recognized, "by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (internal citations omitted). The American Arbitration Association's Commercial Rules provide that the "arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses." R-22(a) of the AAA's Commercial Rules. This

may include requiring responses to "reasonable document requests." R-22(b)(iii). But approval of requests for production of documents, or depositions (which are not mentioned at all in the AAA's Commercial Rules), is by no means automatic. In addition, although depositions do sometimes occur in arbitration, there is a presumption against depositions because of the expense. *See* Janice L. Sperow, "Discovery in Arbritration: Agreement, Plans, and Fairness – One arbitrator's view of how you can structure the discovery process," ABA Section of Litigation, Practice Points (April 10, 2019), found at https://www.americanbar.org/groups/litigation/committees/alternative-dispute-resolution/practice/2019/discovery-in-arbitration-agreement-plans-and-fairness (last viewed, Nov. 6, 2020) (noting that, traditionally, depositions have not been part of the arbitration process, and there is a presumption against them because of the expense, but a request for depositions will be granted if a party has demonstrated a need). In federal court, of course, extensive document discovery is the norm and multiple depositions are expected in a complex breach of contract case.

Given this discrepancy in the discovery that would take place in this Court compared to the limited discovery likely to take place in arbitration, the Court believes that the Scaled Agile would suffer an unfair burden if discovery proceeds in the interim and the case is ultimately sent to arbitration. *See Stone v. Vail Resorts Developent Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. 2010) (staying discovery in class action case where there was a pending motion to dismiss and substantial portions of the discovery would be useless and a waste of the parties' time a resources if the case were ultimately referred to arbitration); *Kerr v. Dillard Store Servs., Inc.*, No. 07–2604–KHV–GLR, 2008 WL 687014, at *1 (D. Kan. March 10, 2008) (finding stay of

discovery appropriate "where discovery on all issues of the broad complaint would be wasteful and burdensome"); *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 5101341, at *3 (D. Colo. Nov. 26, 2008) (noting that in considering motion to stay discovery, court should consider "the breadth of discovery sought and the burden of responding to it") (citations omitted). *See also Mundi v. Union Sec. Life Ins. Co.*, No. CV–F–06–1493, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (finding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").

     I will also note that there is a systemic interest in avoiding duplication of effort. If discovery were to proceed in this case, I would conduct a scheduling conference laying out dates and limits on discovery consistent with the proportionality guidelines of the Federal Rules. But, if the case ultimately were sent to arbitration, the arbitrator would have to repeat the exercise, setting a schedule according to her needs, and setting a discovery plan consistent with the expedited and presumably less-costly requirements of arbitration. *See* Sperow, *supra*. Of course, as discussed at oral argument, I could enter a limited scheduling order limiting the discovery in this case to what might be reasonably permitted in the context of arbitration. But I would only be guessing, and the exercise would likely be repeated by the arbitrator. If the case were to proceed in this Court, then the Court would likely have to hold another scheduling conference to adjust the schedule and discovery limits to what is normally expected in a federal court litigation, as opposed to an arbitration. The Court's own convenience is considered in the *String Cheese* factors, and it is not convenient for the Court to conduct proceedings

6

and issue orders that ultimately might have to be redone by an arbitrator if the case is dismissed in favor of arbitration.

Despite this district's general policy disfavoring a complete stay of discovery, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Benge v. Pounds*, No. 07–cv–01849–REB–MEH, 2008 WL 163038, at *1 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla.2003)). *See also Gen. Steel*, 2008 WL 5101341, at *7–8 (considering strength of pending motion to dismiss all claims in complex civil action with multiple defendants and determining that low likelihood of success on motion weighed in favor of denying stay); *Namoko*, 2007 WL 1063564, at *1 (noting that stay appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party") (citations omitted)).

The Court takes no position on Defendants' to dismiss except to note that Plaintiff does not deny the existence of the arbitration agreement or argue that they need discovery in order to oppose the motion. *Cf. Kerr*, 2008 WL 687014, at *1 (denying motion to stay discovery pending resolution of motion to compel arbitration where plaintiff denied signing any agreement to arbitrate and additional discovery was necessary on that issue). Here, by contrast, the Court's interest in judicial economy weighs in favor of granting the stay. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (citing interest of judicial economy as reason to grant stay pending decision on motion to compel arbitration).

The general public interest also weighs in favor of a stay. "There is a strong federal policy favoring arbitration for dispute resolution." *Cherry Creek Card & Party*

7

*Shop, Inc. v. Hallmark Marketing Corp.*, 176 F.Supp.2d 1091, 1095 (D. Colo. 2001). Allowing discovery on i4 Group's claims while the Court resolves a motion to compel arbitration could undermine that policy. In addition, while this is a federal proceeding, the Colorado legislature has expressed the public policy of Colorado as favoring a stay of proceedings while the Court considers a motion to compel arbitration. *See* Colo. Rev. Stat. § 13–22–207(6) ("[I]f a party files a motion with the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision under this section."). *See also Cook v. Pensa, Inc.*, No. 13-cv-03282-RM-KMT, 2014 WL 1660480 (D. Colo. April 25, 2014) (staying discovery pending determination of motion to dismiss based on arbitration clause in part based on the Federal Arbitration Act's "liberal policy favoring arbitration").

     I recognize that there are cases from this District allowing discovery to move forward where a motion to dismiss based upon an arbitration agreement is pending. *See, e.g., Lester v. Gene Express, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555 (D. Colo. March 3, 2010) (denying stay pending determination of motion to compel arbitration in part due to the Court being "inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable"). And in some other case with different circumstances involving a motion to dismiss based on an arbitration agreement, I could see allowing discovery to proceed. But this is not such a case.

     Balancing the *String Cheese* factors, I conclude that a stay of proceedings is appropriate. The Court, exercising its discretion, hereby GRANTS Defendant's motion

such that the proceedings are STAYED until the resolution of Defendant's Motion to Dismiss. *See Klepper v. SLI, Inc.*, 45 F. App'x. 136, 2002 WL 2005431 (3rd Cir.2002) (in reversing lower court's order permitting discovery and stating that "requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue] may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid'")

IT IS FURTHER ORDERED that without 5 days of the Motion to Dismiss (Dkt. #20) being denied (if it is denied), the Parties should contact this Court's chambers to set a date for scheduling conference.

BY THE COURT

Date:  November 9, 2020             s/ N. Reid Neureiter
       Denver, Colorado             N. Reid Neureiter